Daniel, J.
 

 In construing the deed mentioned in the case, the Judge was of opinion, that Thomas Weatherly, Sen. covenanted to stand seised of the land, to the use of his blood relations, the lessors of the plaintiffs ; and that the possession was immediately transferred to the use, by force of the statute of uses: And that, therefore, the statute of limitations began to run, by the adverse possession of the defendant, in the year 1828, which being continued for more than seven years, under a colour of title, before this action was brought, tolled the entry of the lessors of the plaintiff. We do not agree with his Honor. It seems to us, that it is a covenant by Thomas Weatherly, Sen., for him and his heirs to stand seized to an use,
 
 in futuro,
 
 to-wit: on his death. Such a covenant is good In law.
 
 Doe
 
 v.
 
 Whillingham,
 
 4 Taunt. 20.
 
 Roe
 
 v.
 
 Traumars,
 
 Willes, 682, 2 Wilson, 75. The following clause in the deed poll, made by the covenantor, induces us to say, that the use to the covenantees, was to be a future one; “ And, furthermore, we the said Thomas Weatherly, Jr. and Thomas Weatherly, (my grand-son,) their heirs and assignees, are not to interrupt the said Thomas Weatherly, Sen., during his life-time, on the said premises.
 
 By them, terms,
 
 I have hereto set my hand and seal.” The deed is obviously one executed by a person
 
 inops consillii.
 
 It is ungrammatical and inartificial from beginning to end; and in the clause quoted, the'language changes the person of the speaker four times. But being a deed poll, the covenantor in truth is the only speaker. And the plain meaning is, that he declares, that although he covenants to stand seized to the use of his son and grand-son, he is not to be so seized during his life, but that, for that period, he is to stand seized to his own use. That is the obvious intention of the parties ; and t therefore, it is to govern in the construction of the deed. The
 
 *132
 
 covenantees never before bad a right of entry, for it did not exist until the death of the covenantor; as the use then sprung to them, and the statute then, executed the' possession to it, and converted it into a legal estate in fee, if there was, at that time, any person seized of an estate of inheritance to serve the use. The inheritance, in the mean time, remained in the covenantor, his heirs and assigns, who were to answer to the
 
 precipe
 
 of others, and perform the feudal duties, until the use sprung up for the benefit of the covenantees.
 
 Watkins on Convey. MS.
 
 An use can never be turned into a legal estate by force of the statute, unless there be a person, at the time the' use springs up, seized of an estate in the lands to serve the said use. 1
 
 Saunders on Uses, 231.
 
 And there must also be privity of estate; for he who comes in, in the
 
 post,
 
 as the lord by escheat, a disseisor, abator, intruder; or one who comes in paramount the person limiting the use, as a disseisee, or a person entering for a condition broken, shall not be subject to the use. And there must also, it seems, be a priyity of person, for a purchaser without notice of the use, shall not hold charged with the future use. 1
 
 Fearn.
 
 479.
 
 Watkins, (ed. by Preston,)
 
 141.
 
 Cornish on Uses, 130, 1 Co. 122, 139.
 
 But this last principle or doctrine, (privity of person,) says Mr. Preston, is only applicable to trusts, as distinguishable from uses, and possibly to future uses, to arise by means of a covenant to stand seized, or a bargain and sale, as distinguished from a conveyance to uses.
 
 Ibid.
 
 It is stated in this case, that the defendant is in possession under a colour of title ; but it is not stated how, or from whom, he derived Ms title : it may be, that he, by an innocent conveyance, derived it from Thomas Weatherty, Sen., his heirs or assigns ; if he did, he is privy in estate with the original person, who was seized to the future use of the covenantees. It may be, that he is also privy in person, that is, had knowledge of the future springing use to the covenantees; if he is placed in this sitúa
 
 *133
 
 tion, he cannot be heard to raise, in his defence, the act ■of limitations, but the future use in the covenantees •would be so knitted* to his seizin, as that the statute would operate and execute the said use when it arose. It may be, that the defendant derives his colour of title in the
 
 post,
 
 and then he, of course, can never be considered to be seized to the use of the present lessors of the plaintiff. But, like every other person, who sets up the statute of limitations, it laid on the defendant to shew the facts which put it in motion. So, likewise, if he claims any benefit from being a disseisor, he must establish clearly that he was a disseisor; for the Court ought not at any time to presume a disseisin, and much less will it be done now, when we know that seldom, if ever, any other mode of conveyance is used than an innocent one, operating-under the statute of uses. We think, therefore, the judgment should be reversed, and entered for the plaintiff on the verdict.
 

 ?br Curiam. Judgment reversed and the judgment for the plaintiff.